IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COREY BATCHELOR | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The CITY OF CHICAGO; special representative | ) | No. 1:18-cv-08513 |
| for ROBERT RICE, deceased; | ) | |
| MICHAEL BOSCO; special representative | ) | |
| for LAWRENCE NITSCHE, deceased; | ) | Hon. Elaine E. Bucklo |
| THOMAS KEOUGH; DANIEL McWEENY; | ) | Hon. Mag. Mary M. Rowland |
| FNU McGOVERN; JAMES McCARDLE; | ) | |
| ROBERT TOVAR; GEORGE WINISTORFER; | ) | |
| ROBERT FLOOD; and as-yet UNKNOWN | ) | |
| OFFICERS OF THE CHICAGO POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS
COUNT VII OF THE FIRST AMENDED COMPLAINT**

Defendant City of Chicago (the "City"), by and through its undersigned counsel, hereby moves the Court, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), for dismissal of Count VII of Plaintiff Corey Batchelor's ("Batchelor") First Amended Complaint ("FAC"). In support thereof, the City states as follows:

### I. INTRODUCTION

Batchelor purports to bring 12 separate counts against Robert Rice, Michael Bosco, Lawrence Nitsche, Thomas Keough, Daniel McWeeny, Fnu McGovern, James McCardle, Robert Tovar, George Winistorfer, and Robert Flood (collectively the "Defendant Officers") and the City for alleged violations of his constitutional rights in connection with his conviction for murder in 1991. One of those counts were brought against the City for alleged violations pursuant to *Monell*

*v. Department of Soc. Servs.,* 436 U.S. 658 (1978) (Count VII). The City cannot be liable under *Monell* unless at least one Defendant Officer is first found liable for a constitutional violation. The Defendant Officers have moved to dismiss all federal counts against them.[1] To the extent that motion is granted, Count VII also must be dismissed as a matter of law. For these reasons, and as detailed more fully below, the City moves for dismissal of Count VII.

## II.     FACTUAL BACKGROUND

On June 1, 1989 at approximately 2:15 p.m., Ms. Lula Mae Woods ("Woods") was found brutally murdered in her home located in Chicago, Illinois. [Dkt. 13, ¶ 20]. Investigation subsequently revealed that Woods was stabbed multiple times and, soon thereafter, succumbed to her wounds. [*Id.* at ¶ 23]. Less than one week later, On June 7, 1989, Batchelor's co-conspirator, Kevin Bailey ("Bailey"), confessed that he and Batchelor murdered Woods. [*Id.* at ¶ 53]. Batchelor also confessed to the murder later that day. [*Id.* at ¶ 59]. Batchelor was convicted of first degree murder and armed robbery on April 5, 1991. [*Id.* at ¶ 70].

Over the next 17 years, Batchelor filed numerous appeals, petitions for post-conviction relief, and petitions for *habeas corpus* in an attempt to have his conviction overturned, in which he raised all of the issues he has now alleged in the FAC. None of Batchelor's efforts were successful until January 2018, when the State of Illinois dismissed all charges against Batchelor, and the Circuit Court of Cook County vacated his conviction. [Dkt. 13, ¶ 1].

Batchelor initiated this action on December 28, 2018 [Dkt. 1], and filed his FAC on January 18, 2019 [Dkt. 13].

---

[1] The City has filed a Motion to Join the Individual Officers' Motion to Dismiss concurrently herewith.

## III. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must provide the defendant with fair notice of the claim's basis, and must also establish that the requested relief is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Facial plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *White v. City of Chicago*, No. 11-C-7802, 2014 WL 958714, at *1 (N.D. Ill. Mar. 12, 2014) (citing *Ashcroft*, 556 U.S. at 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Ashcroft*, 556 U.S. at 678 (2009)). "Plausibility, however, 'does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Id.* (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

## IV. LEGAL ARGUMENT

### A. BATCHELOR'S *MONELL* CLAIM AGAINST THE CITY MUST BE DISMISSED IF THE COURT GRANTS THE DEFENDANT OFFICERS' MOTION TO DISMISS.

Dismissal of all federal claims brought against the Defendant Officers renders it impossible for Batchelor to support a *Monell* claim against the City. As a general rule, a plaintiff cannot prevail on a *Monell* claim without first establishing an underlying constitutional violation. *Swanigan v. City of Chicago*, 881 F.3d 577, 583 (7th Cir. 2018) ("[T]he City can't be liable 'based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm'") (citations omitted). A municipality may be liable under Section 1983 only if the municipality itself subjects a person to a deprivation of rights or causes

such deprivation of rights, and a plaintiff must prove that the "action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 62, 131 S.Ct. 1350 (2011) (citing *Monell,* 436 U.S. 658, 691, 98 S. Ct. 2018 (1978)).

The United States Supreme Court recognized that §1983 liability cannot attach to a municipality in the absence of an actionable constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571 (1986). In fact, it went so far as to admonish that if there is no violation of the plaintiff's constitutional rights by a police officer, "it is inconceivable" that the municipality could maintain liability pursuant to a *Monell* claim. Municipal liability for a constitutional injury under *Monell* "requires a finding that the individual officer is liable on the underlying substantive claim." *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000) (quoting *Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998)). In situations like this one, where a plaintiff has predicated the alleged underlying constitutional violation on a coerced confession, fabrication of evidence, and/or suppression of exculpatory evidence, a finding of individual liability is a necessary predicate to maintaining a *Monell* claim *see e.g. Taylor v. Kachiroubas*, No. 12 C 8321, 2013 WL 6050492, at *4 (N.D. Ill. Nov. 15, 2013) (Requiring a finding of individual liability in a fabrication of evidence and coerced confession case); *Williams v. City of Chicago*, 315 F. Supp. 3d 1060, 1081 (N.D. Ill. June 1, 2018) (Requiring a finding of individual liability in a suppression of exculpatory evidence case).

Here, it is irrefutable based on the face of the FAC that Batchelor's *Monell* claim at Count VII is entirely dependent on the nonviable constitutional violations alleged against the Defendant Officers in Counts I through VI. Without allegations sufficiently setting forth actionable constitutional violations in the Section 1983 counts, Batchelor's *Monell* claim fails as

4

a matter of law. Therefore, to the extent Counts I through VI against the Defendant Officers, are dismissed, Batchelor's *Monell* claim against the City in Count VII must be dismissed as well.

V. **CONCLUSION**

For the foregoing reasons, Defendant City of Chicago respectfully requests that in the event that this Court grants the Defendant Officers' Motion to Dismiss, the Court also dismiss Count VII of Batchelor's First Amended Complaint, and grant any other relief the Court deems just and proper.

Dated: April 24, 2019  Respectfully submitted,

By: /s/ Laura Luisi
John F. Gibbons (Attorney No. 6190493)
gibbonsj@gtlaw.com
Tiffany S. Fordyce (Attorney No. 235063)
fordycet@gtlaw.com
Kyle L. Flynn (Attorney No. 6312817)
flynnk@gtlaw.com
Laura Luisi (Attorney No. 6321034)
luisil@gtlaw.com
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400

*Attorneys for Defendant City of Chicago*

# CERTIFICATE OF SERVICE

      I, Laura Luisi, an attorney, hereby certify that on April 24, 2019, I caused the foregoing **City Defendants' Rule 12(b)(6) Motion to Dismiss Count VII of the First Amended Complaint** to be served on all counsel of record through the Court's ECF system.

                                   /s/ Laura Luisi
                                   One of City of Chicago's Attorneys