```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

Corey Batchelor,                )
                                )
           Plaintiff,           )
                                )
    v.                          )    No. 18 C 8513
                                )
City of Chicago, et al.,        )
                                )
           Defendants.          )
                                )
```

MEMORANDUM OPINION AND ORDER

Before me are motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure brought by defendants Michael Bosco, Thomas Keough, Daniel McWeeny, FNU McGovern, James McCardle, Robert Tovar, George Winistorfer, and Robert Flood (together, the "Defendant Officers") and the City of Chicago (the "City"). Dkt. Nos. 34, 37. If I deny portions of the pending motions to dismiss, the City moves to bifurcate this case to sunder plaintiff's *Monell* claim from his claims against the Defendant Officers. Dkt. Nos. 68, 69 at 1 n. 1. Defendant Officers join this bifurcation motion. Dkt. No. 73. For the reasons set forth below, the Defendant Officers' motion to dismiss is granted with respect to Plaintiff Corey Batchelor's claim for intentional infliction of emotional distress and otherwise is denied. The City's motion to dismiss is likewise denied and its motion to bifurcate is granted.

1

I.

A.

For the motions to dismiss, I accept all well-plead facts as true and draw all reasonable inferences in plaintiff's favor. *Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).[1]

Batchelor makes the following allegations. On June 1, 1989, Lula Mae Woods, the wife of a retired Chicago police officer, was found murdered in her garage. About a week later, certain Defendant Officers took Batchelor into custody based on uncorroborated statements by Larry Johnson, an alcoholic, drug addict, and "known liar," despite lacking forensic evidence tying Batchelor to the murder. Dkt. No. 13 at ¶ 34. Defendants took then-19-year-old Batchelor to the Chicago Police Department's Area Two Violent Crimes Detective Division ("Area Two") and employed a number of coercive tactics to extract a confession from him. Defendant Officers variously subjected Batchelor to sleep deprivation, falsely claimed to have evidence proving he was lying about his own innocence, staged a phony

---

[1] After briefing completed on defendants' motions to dismiss, Batchelor filed his Second Amended Complaint. Dkt. No. 94. While defendants' motions to dismiss are aimed at Batchelor's First Amended Complaint, Dkt. No. 13, these motions "shall stand as to any alleged defects in the [First Amended Complaint] that have survived the amendment." *Cabrera v. World's Finest Chocolate, Inc.*, No. 04 C 0413, 2004 WL 1535850, at *1 (N.D. Ill. July 7, 2004) (Aspen, J.) (citing 6 Charles Alan Wright, *et al., Federal Practice & Procedure,* § 1476 (2d ed. 1990)).

polygraph examination that they claimed he failed, beat him, yelled at him, and threatened to kill him.

Certain Defendant Officers used similar tactics to coerce Batchelor's friend, Kevin Bailey, into confessing that he and Batchelor murdered Woods. Various Defendant Officers also created police reports falsely showing Batchelor's involvement in the murder. After being subjected to these interrogation tactics and being confronted with Bailey's fabricated confession, Batchelor falsely confessed to the murder. Both Batchelor's and Bailey's false confessions were created through the widespread police practices of abusing and torturing detainees at Area Two.

Batchelor was prosecuted and convicted on the basis of his coerced, false confession. A Cook County Circuit Judge found him guilty of Woods' murder on April 5, 1991, and sentenced him to thirty years in prison on April 23, 1991. Batchelor then "languished fifteen years in Illinois prison for a crime he did not commit." Dkt. No. 13 at ¶ 1; Dkt. No. 94 at ¶ 1.

Seeking to prove his innocence, Batchelor sought and obtained additional forensic testing under Illinois law. On January 30, 2018, the State of Illinois dismissed charges against Batchelor, and the Circuit Court of Cook County, Illinois, vacated his conviction.

Batchelor filed this suit for damages on December 28, 2018. He advances the following claims under 42 U.S. Code § 1983: coerced confession, fabrication of evidence, suppression of exculpatory evidence, deprivation of liberty without probable cause, failure to intervene, conspiracy to deprive of constitutional rights, and unconstitutional policy and practice (the "*Monell* Claim"). He also brings the following claims under state law: malicious prosecution, intentional infliction of emotional distress, civil conspiracy, *respondeat superior*, and indemnification.

B.

To survive defendants' motions to dismiss, plaintiff must allege "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, he must state a claim "that is plausible on its face" after I disregard conclusory allegations. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (discussing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). Further, while "the statute of limitations is ordinarily an affirmative defense," I "may dismiss under Rule 12(b)(6) something that is indisputably time-barred[.]" *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (citation omitted).

C.

Defendant Officers make the following arguments for dismissal: 1) Batchelor's Section 1983 and intentional infliction of emotional distress claims are untimely; 2) Batchelor's Section 1983 claims for fabrication of evidence and suppression of exculpatory evidence fail because he does not allege evidence, fabricated or otherwise, that Defendant Officers had a duty to disclose; and 3) Batchelor's failure-to-intervene and civil conspiracy claims are derivative of his other claims and should be dismissed alongside them. The City joins Defendant Officers' arguments and further argues that the *Monell* claim against it should be dismissed alongside the fatally-flawed Section 1983 claims because *Monell* liability cannot attach absent an underlying constitutional violation.

1.

a.

Defendants argue that Batchelor's Section 1983 claims are untimely. "[S]ection 1983 claims arising in Illinois are governed by a two-year statute of limitations." *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *see also* 735 ILCS 5/13-202. The parties do not dispute that *Heck v. Humphrey*, 512 U.S. 477 (1994) controls the accrual of these claims.

In *Heck*, the Supreme Court addressed whether and when a state prisoner could bring a suit for damages that challenged

5

the constitutionality of his conviction. 512 U.S. at 478-80. While serving his sentence, Heck brought a Section 1983 suit against prosecutors and a police inspector alleging that they conducted an unlawful investigation that led to his arrest, knowingly destroyed exculpatory evidence, and caused an illegal voice identification procedure to be used at his trial. *Id*. at 479.

The Court analogized Heck's Section 1983 claims to the common law tort of malicious prosecution, which allows a damages recovery for arrest, imprisonment, injury to health, and deprivation of society. *Id*. at 484. One element of a malicious prosecution claim is the termination of the underlying proceeding in favor of the accused, which avoids conflicting civil and criminal rulings on a plaintiff's guilt and prevents a collateral attack on a conviction through a civil claim. *Id*. The Court adopted this principle and held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

6

*Id*. at 486–87. The Court made clear, "[j]ust as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor . . . so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id*. at 489 (internal citation omitted).

Batchelor argues that *Heck* barred his constitutional causes of action, and kept the statute of limitations from running, until his conviction was vacated in 2018. He contends that his Section 1983 claims imply the invalidity of his conviction and thus were barred by *Heck* before the favorable resolution of that conviction. As he filed this suit within two years of the vacation of his conviction, he concludes his claims are timely.

Defendants argue that *Heck's* prohibition on Batchelor's Section 1983 claims lifted when he was released from prison, which made habeas relief unavailable to him, and thus started the clock on his claims. They point to decisions where the Seventh Circuit concluded *Heck* did not bar a plaintiff's Section 1983 claims after he was released from custody, *Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 670 (7th Cir. 2018) ("Manuel II") and *Sanchez v. City of Chicago*, 880 F.3d 349, 356 (7th Cir. 2018), or after habeas relief was unavailable to a plaintiff, *DeWalt v. Carter*, 224 F.3d 607, 617-18 (7th Cir. 2000).

7

Defendants calculate that Batchelor was released in 2006 based on his allegation that he "languished fifteen years in Illinois prison" following his 1991 conviction. They conclude that Batchelor's Section 1983 claims are some ten years late.

The Seventh Circuit recently addressed the same accrual arguments in *Savory v. Cannon*, No. 17-3543, 2020 WL 240447, at *3-14 (7th Cir. Jan. 7, 2020) (en banc). Savory, the plaintiff, was convicted of a double murder that he claimed he did not commit, incarcerated for thirty years, paroled for five years, and then, some three years after his parole ended, received a gubernatorial pardon acquitting him of his conviction. *Id*. at *1-2. Less than two years after his pardon, Savory filed suit against the City of Peoria and certain of its police officers alleging that they fabricated evidence, coerced a false confession from him, fabricated incriminating witness statements, and suppressed exculpatory evidence. *Id*. at *2. The court applied the rule set forth in *Heck* and concluded Savory's Section 1983 claims necessarily implied the invalidity of his conviction and thus accrued when that conviction was invalidated by a pardon. *Id*. at *6. The court rejected arguments that Savory's claims accrued when he was released from custody and explicitly stated that its reasoning in prior decisions that the *Heck* bar lifts when a plaintiff is released from custody was incorrect and does not survive its decision. *Id*. at *11-15.

8

Batchelor's claims that Defendant Officers suppressed exculpatory evidence, fabricated evidence, and coerced his confession in order to secure his conviction echo the claims at issue in *Heck* and *Savory.* As in those cases, Batchelor's claims necessarily imply the invalidity of his conviction and thus could not accrue until that conviction was vacated. His Section 1983 claims are timely as he filed suit within two years of his conviction being vacated.

b.

I next address defendants' argument that Batchelor's intentional infliction of emotional distress claim is untimely. Defendants contend that this claim fails because Batchelor has not alleged any wrongful conduct that occurred within one year of filing his complaint, which is the relevant limitations period for civil actions against governmental entities and their employees under Illinois law. *See* 745 ILCS 10/8-101(a); *see also Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). This timeliness argument rests on firmer ground.

Batchelor bases his intentional infliction of emotional distress claim on the alleged "extreme and outrageous" actions Defendant Officers took while arresting, detaining, interrogating, and prosecuting Batchelor. *See* Dkt. No. 13 at ¶¶ 156-57. Under Illinois law, a "claim of intentional infliction of emotional distress in the course of arrest and prosecution

9

accrues on the date of arrest." *Bridewell v. Eberle,* 730 F.3d 672, 678 (7th Cir. 2013) (citation omitted). In Batchelor's case, that claim accrued in 1989 and should have been filed within a year.

Batchelor responds that his intentional infliction of emotional distress claim arose when his conviction was vacated because it is alleged from the same factual basis as his malicious prosecution claims. But he supports this argument with district court cases that predate *Bridewell. See, e.g.,* Walden *v. City of Chicago*, 755 F. Supp. 2d 942, 962 (N.D. Ill. 2010). I agree with the other courts in this district that have applied *Bridewell* to determine intentional infliction of emotional distress claims arising from arrest and prosecution accrue on the day of arrest, notwithstanding any factual entanglement with a claim for malicious prosecution. *See, e.g., Friends-Smiley v. City of Ch*icago, 16-CV-5646, 2016 WL 6092637, at *2 (N.D. Ill. Oct. 19, 2016) (Guzmán, J.) (collecting cases).

2.

Defendants also argue that, even if timely, Batchelor's Section 1983 claims for the suppression of exculpatory evidence and fabrication of evidence fail because the Defendant Officers had no duty to disclose impeachment evidence relating to Bailey or Johnson nor did they have any duty to disclose their misconduct. To establish that evidence was suppressed in

10

violation of *Brady v. Maryland,* 373 U.S. 83 (1963), Batchelor must show "(1) the evidence at issue is favorable to [him] because it is either exculpatory or impeaching; (2) the evidence has been suppressed by the government, either willfully or inadvertently; and (3) the suppressed evidence resulted in prejudice." *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007) (quoting *United States v. O'Hara,* 301 F.3d 563, 569 (7th Cir. 2002)).

Defendants contend that Bailey and Johnson did not testify at Batchelor's trial nor was any fabricated evidence related to Bailey and Johnson introduced at his trial, so Batchelor cannot claim any prejudice resulted from the suppression of evidence that could impeach them. They also argue that polygraph examinations are not admissible and thus could not have made his trial unfair.

These arguments are unconvincing because they avoid the heart of Batchelor's *Brady* claim: that defendants suppressed evidence of their longstanding practice of abusing detainees into false confessions, which would undermine the credibility of Batchelor's confession that was allegedly obtained through the same tactics. These arguments also overlook Batchelor's allegations that defendants suppressed evidence of the false nature of the polygraph and Bailey's confession. Both of these were allegedly used to obtain Batchelor's own false confession,

11

which was then used to obtain his conviction. That is sufficient to state a *Brady* claim.

Defendants also contend that Batchelor's *Brady* claim fails because he essentially is alleging that Defendant Officers should have created exculpatory evidence by disclosing that they fabricated evidence and committed misconduct during their investigation. True, Seventh Circuit "case law makes clear that *Brady* does not require the creation of exculpatory evidence, nor does it compel police officers to accurately disclose the circumstances of their investigations to the prosecution." *Saunders-El v. Rohde*, 778 F.3d 556, 562 (7th Cir. 2015). However, Batchelor alleges that defendants deliberately withheld evidence showing "the false nature of Mr. Bailey's false and coerced confession," the false nature of the polygraph examinations administered to Batchelor and Bailey, and defendants' "pattern of abuse similar to that inflicted upon" Batchelor. Dkt. No. 13 at ¶ 122. Defendants' argument presupposes that this evidence never existed and would have had to have been made by them. Discovery will reveal whether that is the case, but that is not what Batchelor alleges.

Defendants also argue that Batchelor has not stated a claim that defendants' fabrication of evidence denied him due process because the allegedly-fabricated evidence was not used at Batchelor's trial. This argument is flawed for the same reasons

12

as defendants' *Brady* arguments. Defendants ignore Batchelor's allegations that the case against him at trial "hinged on" his fabricated confession, which was obtained through the use of Bailey's false and coerced confession and a phony polygraph examination. Dkt. No. 13 at ¶ 71. "[A] police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of [his] liberty in some way." *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012); *cf. Armstrong v. Daily*, 786 F.3d 529, 553 (7th Cir. 2015) ("[A]n accused has no claim against an officer who fabricates evidence and puts the evidence in a drawer, never to be used.") (citations omitted).

3.

Defendants argue that Batchelor's failure-to-intervene claim is derivative of his other claims against the Defendant Officers and should be dismissed alongside them. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation . . . ."). As discussed, Batchelor has sufficiently alleged underlying constitutional claims. His failure-to-intervene claim may proceed. Defendants' argument that Batchelor's civil conspiracy claim is derivative fails for the same reason.

4.

The City argues that if the Defendant Officers' motion succeeds, Batchelor's *Monell* claim against it should likewise be dismissed due to the absence of an alleged underlying constitutional violation caused by a City policy. As Batchelor has adequately stated claims for constitutional violations by the Defendant Officers, the City's motion to dismiss is denied.

II.

The City moves to bifurcate Batchelor's *Monell* claim from his claims against the individual defendants, to stay discovery and trial on Batchelor's *Monell* claim, and to enter a proposed "Limited Consent to Entry of Judgment Against Defendant City of Chicago," attached to its motion. For the reasons that follow, the City's motion is granted.

Rule 42(b) provides that I may bifurcate trial on claims or issues to "prevent prejudice to a party or promote judicial economy." *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007) (citations omitted); Fed. R. Civ. P. 42(b). "If one of these criteria is met, [I] may order bifurcation as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment." *Chlopek*, 499 F.3d at 700 (citations omitted). Rule 26(d) allows me to likewise bifurcate and stay discovery on certain claims or issues. *See, e.g., Jones v. City*

14

*of Chicago*, 1999 WL 160228, at *3 (N.D. Ill. Mar. 10, 1999) (Kocoras, J.); Fed. R. Civ. P. 26(d).

In this case, bifurcation will promote judicial economy. If Batchelor's Section 1983 claims against the individual officers fail, it will likely be unnecessary to litigate his *Monell* claim. *See Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) (a municipality could not be liable for officer's arrest without probable cause and use of excessive force without a finding that that officer inflicted a constitutional harm).

Batchelor responds that it may be necessary to litigate his *Monell* claim even if the jury issues a verdict in favor of the individual officers. He points to *Thomas v. Cook County Sheriff's Department*, which held that a "municipality can be held liable under *Monell* even when its officers are not, unless such a finding would create an *inconsistent* verdict." 604 F.3d 293, 305 (7th Cir. 2010) (emphasis in original, citations omitted).

*Thomas* involved the death of a jailed detainee who was denied medical care. *Id*. at 300. The plaintiff brought Section 1983 claims against the individual defendants alleging that they were deliberately indifferent to the detainee's medical condition and *Monell* claims against the County based on its lack of procedures for reviewing detainees' medical requests. *Id*. The court held that there was no inconsistency between the jury

15

reaching a verdict in favor of the individual defendants and against the County because the jury could have concluded that the individual defendants were not deliberately indifferent to the detainee's condition but nonetheless failed to respond to plaintiff's medical needs due to failures of the County's policies. *Id*. at 305.

Batchelor, however, fails to explain how a jury could consistently find the City liable in this case without finding the individual officers liable. He claims that a jury could conclude that Area 2 detectives extracted a confession from defendant without deciding which individual defendant did so. But, as he does not identify any portion of the complaint or other evidence that would support that conclusion, this argument is too speculative to defeat a motion for bifurcation. *See Saunders v. City of Chicago*, 146 F. Supp. 3d 957, 970 (N.D. Ill. 2015) (Dow, J.) (a plaintiff cannot avoid bifurcation with "hypothetical scenarios in which their *Monell* claims might fall within the so-called *Thomas* 'liability gap'").

Batchelor also claims that a jury could conclude that exculpatory evidence about Johnson and the phony polygraph was withheld because of the City's policies rather than any officer misconduct. But his complaint states that individual defendants "deliberately withheld" that exculpatory evidence and makes no mention of that withholding being solely due to the City's

16

policies. Dkt. No. 1 at ¶¶ 121, 122; Dkt. No. 94 at ¶¶ 132, 133.

This case is far afield from the circumstances in *Thomas*. It is not a case where a jury could conclude the City's employees carried out the City's unconstitutional policies but lacked the requisite culpable mindset for individual liability.

Rather, Batchelor's Section 1983 claims allege that the individual defendants violated his constitutional rights by coercing his and others' confessions and suppressing and withholding the evidence of such tactics. *Monell* liability cannot be established based on such allegations without a finding that individual defendants violated the plaintiff's constitutional rights. *See, e.g.*, *Andersen v. City of Chicago*, No. 16 C 1963, 2016 WL 7240765, at *1 (N.D. Ill. Dec. 14, 2016) (Kendall, J.) ("Even if the City had a policy or practice of permitting its officers[] to coerce false confessions through force, the harm caused by the policy could only manifest itself through the officers' actions."); *Harris v. City of Chicago*, No. 14-CV-4391, 2016 WL 3261522, at *3 (N.D. Ill. June 14, 2016) (Darrah, J.) ("Similarly, the policy of filing false reports and actively covering up illegal interrogations and confessions depends on the actions of individual police officers.")

In brief, bifurcation will allow the parties to bypass discovery relating to the *Monell* claim, which can add significant time, cost, and complications to the discovery

17

process. As the litigation of Batchelor's *Monell* claim may ultimately prove unnecessary, bifurcation will promote the economical and timely resolution of this case.

Batchelor contends that the City's proposed limited consent is procedurally improper, as it is not an offer of judgment provided for under Federal Rule of Civil Procedure 68. But the City is not holding out the proposed limited consent as an offer of judgment. Rather, the limited consent is a stipulation of the sort that the Seventh Circuit has held achieves "the goal of avoiding unnecessary complexity and effort." *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015).

### III.

Accordingly, the Defendant Officers' motion to dismiss is granted with respect to Batchelor's claim for intentional infliction of emotional distress and otherwise is denied. The City's motion to dismiss is denied and its motion to bifurcate is granted.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: January 31, 2020