# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| COREY BATCHELOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO; special representative | ) | No. 1:18-cv-08513 |
| for ROBERT RICE, deceased; | ) | |
| MICHAEL BOSCO; special representative | ) | |
| for LAWRENCE NITSCHE, deceased; | ) | Hon. John F. Kness |
| special representative for THOMAS KEOUGH, | ) | |
| deceased; DANIEL McWEENY; FNU | ) | |
| McGOVERN; JAMES McARDLE; ROBERT | ) | |
| TOVAR; GEORGE WINISTORFER; ROBERT | ) | |
| FLOOD; and as-yet UNKNOWN OFFICERS | ) | |
| OF THE CHICAGO POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION
TO DEFENDANT CITY OF CHICAGO**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Corey Batchelor, by his attorneys, propounds the following Requests for Production upon Defendant CITY OF CHICAGO to be answered under oath and in writing within thirty days.

**DEFINITIONS AND INSTRUCTIONS**

Plaintiff incorporates and restates the definitions and Instructions set forth in Plaintiff's First Requests for Production as though fully set forth herein.

In addition, Plaintiff puts forth the following Definitions:

1. "Polygraph Examinations" shall mean any interview conducted in the presence of a polygraph machine, regardless of whether the subject of the investigation was suspected or accused of any crime.

## REQUESTS FOR PRODUCTION

1. Any and all written policies the Chicago Police Department has maintained, from January 1989 through the present day, with respect to the administration of polygraph examinations in the context of criminal investigations, including but not limited to advisory notices, general and special orders, Department Notices, training bulletins, and guidelines for the administration of polygraph examinations. For any time periods in which no written policies existed for the administration of polygraph examinations, please so state.

2. For each polygraph examination identified in Defendant's Response to Plaintiff's Third Set of Interrogatories No. 1, please produce the following:

   a. All reports generated by the polygraph device and/or examiner, including but not limited to stimuli readings;

   b. All reports and/or notes generated by the polygraph examiner, including but not limited to all handwritten notes and supplemental reports;

   c. All arrest and supplementary reports associated with the underlying criminal investigation;

   d. All supplementary and general progress reports prepared by Chicago Police Officers making mention of the polygraph exam;

   e. Any documents signed by the subject of the polygraph exam, including but not limited to consent forms and any statements or confessions made to police;

   f. All Log files and/or Complaint Register files and complaints from civil lawsuits associated with any complaints of police misconduct that relate to the underlying criminal investigation; and

   g. All criminal court orders or opinions overturning a criminal conviction of any subject of the underlying criminal investigation.

3. For each polygraph examination in criminal investigations conducted by a member of the Chicago Police Department at Area 2 from January 1, 1985, through December 31, 1990, in which a lawsuit or police misconduct complaint or log number related to the underlying criminal investigation was filed against one or more members of the Chicago Police Department and/or the City of Chicago, or in which a criminal conviction of any subject of the criminal investigation was overturned, please produce the following:

a. All reports generated by the polygraph device and/or examiner, including but not limited to stimuli readings;

b. All reports and/or notes generated by the polygraph examiner, including but not limited to all handwritten notes and supplemental reports;

c. All arrest and closed supplementary reports associated with the underlying criminal investigation;

d. All supplementary and general progress reports prepared by Chicago Police Officers making mention of the polygraph exam;

e. Any documents signed by the subject of the polygraph exam, including but not limited to consent forms and any statements or confessions made to police;

f. All Log files and/or Complaint Register files and complaints from civil lawsuits associated with any complaints of police misconduct that relate to the underlying criminal investigation; and

g. All criminal court orders or opinions overturning a criminal conviction of any subject of the underlying criminal investigation.

Respectfully submitted,

COREY BATCHELOR

Dated: April 30, 2020

By: /s/Craig B. Futterman
One of his Attorneys

Jon Loevy (jon@loevy.com)
Rosna Bala Keen (roshna@loevy.com)
Scott R. Drury (drury@loevy.com)
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312.243.5900

Craig B. Futterman (futterman@uchicago.edu)
MANDEL LEGAL AID CLINIC
University of Chicago Law School
6020 S. University
Chicago, Illinois 60637
773.702.9611

- 4 -

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, certifies that a copy of the foregoing document was served upon all parties of record by electronic mail on April 30, 2020.

                                      /s/Craig B. Futterman_____
                                      One of Plaintiff's Attorneys

| | |
|---|---|
| Jon Loevy (jon@loevy.com) | Craig B. Futterman (futterman@uchicago.edu) |
| Rosna Bala Keen (roshna@loevy.com) | MANDEL LEGAL AID CLINIC |
| Scott R. Drury (drury@loevy.com) | University of Chicago Law School |
| LOEVY & LOEVY | 6020 S. University |
| 311 North Aberdeen, 3rd Floor | Chicago, Illinois 60637 |
| Chicago, IL 60607 | 773.702.9611 |
| 312.243.5900 | |