# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **COREY BATCHELOR,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF CHICAGO;** special representative for **ROBERT RICE**, deceased; **MICHAEL BOSCO;** special representative for **LAWRENCE NITSCHE,** deceased; **THOMAS KEOUGH; DANIEL McWEENY; FNU McGOVERN; JAMES McARDLE; ROBERT TOVAR; GEORGE WINISTORFER; ROBERT FLOOD;** and as-yet UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT,<br><br>Defendants. | No. 18-cv-08513<br><br>The Honorable John F. Kness |

**DEFENDANT CITY OF CHICAGO'S RESPONSES
TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION**

Defendant City of Chicago (the "City"), by Special Assistant Corporation Counsel Greenberg Traurig, LLP, for its Responses to Plaintiff's Second Requests for Production and pursuant to Federal Rule of Civil Procedure 34, states as follows.

**PRELIMINARY STATEMENT**

The Responses set forth below are submitted subject to the objections set forth herein, and are based upon the current knowledge of the City. The City expressly reserves the right to assert such additional or different objections and Responses as may be appropriate in light of further ongoing discovery and/or investigation, and reserves the right to introduce at trial, or at any other proceeding, any information discovered after the date of these Responses.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. The City objects to Plaintiff's instructions to the extent they impose obligations on the City inconsistent with the Federal Rules of Civil Procedure.

2. The City objects to Instruction No. 19 as vague, ambiguous, overbroad, and unduly burdensome.

3. The City objects to Plaintiff's definition of "Department" as vague, ambiguous, overbroad, and unduly burdensome.

4. The City objects to Plaintiff's definition of "Polygraph Examinations" as vague, ambiguous, overbroad, and unduly burdensome.

5. The City objects to the purported "relevant time period" as overbroad and unduly burdensome in time and scope as it includes a period of over 40 years (from 1979 to the conclusion of this litigation).

## RESPONSES TO REQUESTS FOR PRODUCTION

1. Any and all written policies the Chicago Police Department has maintained, from January 1989 through the present day, with respect to the administration of polygraph examinations in the context of criminal investigations, including but not limited to advisory notices, general and special orders, Department Notices, training bulletins, and guidelines for the administration of polygraph examinations. For any time periods in which no written policies existed for the administration of polygraph examinations, please so state.

**RESPONSE:** The City objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome including as it relates to the terms "administration," "advisory notices" and "training bulletins." In addition, this Request is overbroad and unduly burdensome in time and scope as it seeks "any and all written policies" of the Chicago Police Department for a period of over 30 years. The City also objects to the extent this Request seeks documents that should remain confidential due to privacy concerns of third-party non-litigants. In addition, the City objects that all of the documents sought are not relevant to any party's claim or defense or

2

proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving these objections, the City will produce responsive written policies that were in effect for the years 1985 through 1990.

2. For each polygraph examination identified in Defendant's Response to Plaintiff's Third Set of Interrogatories No. 1, please produce the following:

    a. All reports generated by the polygraph device and/or examiner, including but not limited to stimuli readings;

    b. All reports and/or notes generated by the polygraph examiner, including but not limited to all handwritten notes and supplemental reports;

    c. All arrest and supplementary reports associated with the underlying criminal investigation;

    d. All supplementary and general progress reports prepared by Chicago Police Officers making mention of the polygraph exam;

    e. Any documents signed by the subject of the polygraph exam, including but not limited to consent forms and any statements or confessions made to police;

    f. All Log files and/or Complaint Register files and complaints from civil lawsuits associated with any complaints of police misconduct that relate to the underlying criminal investigation; and

    g. All criminal court orders or opinions overturning a criminal conviction of any subject of the underlying criminal investigation.

**RESPONSE:** The City asserts all of its objections and responses to Interrogatory No. 1 as if set forth fully herein. In addition, the City objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome including as it relates to the terms "reports," "notes" and "police misconduct." The City further objects to this Request as overbroad and unduly burdensome in time and scope. The City also objects to the extent this Request seeks documents that should remain confidential due to privacy concerns of third-party non-litigants. In addition,

3

the City objects that all of the documents sought are not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The City states that *Monell* discovery is bifurcated pursuant to the Court's Order bifurcating and staying Plaintiff's *Monell* claim and *Monell* discovery (Dkt. No. 104). The City objects to responding to this Request as the material sought pertains to Plaintiff's *Monell* claim.

3. For each polygraph examination in criminal investigations conducted by a member of the Chicago Police Department at Area 2 from January 1, 1985, through December 31, 1990, in which a lawsuit or police misconduct complaint or log number related to the underlying criminal investigation was filed against one or more members of the Chicago Police Department and/or the City of Chicago, or in which a criminal conviction of any subject of the criminal investigation was overturned, please produce the following:

    a. All reports generated by the polygraph device and/or examiner, including but not limited to stimuli readings;

    b. All reports and/or notes generated by the polygraph examiner, including but not limited to all handwritten notes and supplemental reports;

    c. All arrest and closed supplementary reports associated with the underlying criminal investigation;

    d. All supplementary and general progress reports prepared by Chicago Police Officers making mention of the polygraph exam;

    e. Any documents signed by the subject of the polygraph exam, including but not limited to consent forms and any statements or confessions made to police;

    f. All Log files and/or Complaint Register files and complaints from civil lawsuits associated with any complaints of police misconduct that relate to the underlying criminal investigation; and

    g. All criminal court orders or opinions overturning a criminal conviction of any subject of the underlying criminal investigation.

**RESPONSE**: The City objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome including as it relates to the terms "reports," "notes" and

"police misconduct." The City further objects to this Request as overbroad and unduly burdensome in time and scope. The City also objects to the extent this Request seeks documents that should remain confidential due to privacy concerns of third-party non-litigants. In addition, the City objects that all of the documents sought are not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The City states that *Monell* discovery is bifurcated pursuant to the Court's Order bifurcating and staying Plaintiff's *Monell* claim and *Monell* discovery (Dkt. No. 104). The City objects to responding to this Request as the material sought pertains to Plaintiff's *Monell* claim.

Dated: June 1, 2020

**MARK A. FLESSNER**
**Corporation Counsel of the City of Chicago**

/s/ *Kyle L. Flynn*
John F. Gibbons
Tiffany S. Fordyce
Kyle L. Flynn
Scott Dorsett
Special Assistant Corporation Counsel
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (Main)
(312) 456-8435 (Facsimile)
gibbonsj@gtlaw.com
fordycet@gtlaw.com
flynnk@gtlaw.com
dorsetts@gtlaw.com

Attorneys for Defendant City of Chicago

## **CERTIFICATE OF SERVICE**

I, Kyle Flynn, an attorney, certify that I served Defendant City of Chicago's Responses to Plaintiff's Second Request for Production to the parties of record below on June 1, 2020.

Scott R. Drury
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607

Craig B. Futterman
Edwin F. Mandel Legal Aid Clinic
University of Chicago Law School
6020 South University
Chicago, Illinois 60637

Attorneys for Plaintiff

Anthony E. Zecchin
Andrew M. Hale
Allyson L. West
Amy A. Hijjawi
Shawn W. Barnett
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 330
Chicago, Illinois 60604

Attorneys for Individual Defendants


*/s/ Kyle L. Flynn*
Attorney for City of Chicago