# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **COREY BATCHELOR,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF CHICAGO;** special representative for **ROBERT RICE**, deceased; **MICHAEL BOSCO;** special representative for **LAWRENCE NITSCHE,** deceased; **THOMAS KEOUGH; DANIEL McWEENY; FNU McGOVERN; JAMES McARDLE; ROBERT TOVAR; GEORGE WINISTORFER; ROBERT FLOOD;** and as-yet **UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT,**<br><br>Defendants. | No. 18-cv-08513<br><br>The Honorable John F. Kness |

**DEFENDANT CITY OF CHICAGO'S ANSWERS
TO PLAINTIFF'S THIRD SET OF INTERROGATORIES**

Defendant City of Chicago ("City"), by its attorneys, Greenberg Traurig, LLP, for its Answers to Plaintiff's Third Set of Interrogatories and pursuant to Federal Rule of Civil Procedure 33, states as follows.

**PRELIMINARY STATEMENT**

The Answers set forth below are submitted subject to the Objections set forth herein, and are based upon the current knowledge of the City. The City expressly reserves the right to assert such additional or different objections and Answers as may be appropriate in light of further ongoing discovery and/or investigation, and reserves the right to introduce at trial, or at any other proceeding, any information discovered after the date of these Answers.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. The City objects to Plaintiff's instructions to the extent they impose obligations on the City inconsistent with the Federal Rules of Civil Procedure.

2. The City objects to Instruction No. 19 as vague, ambiguous, overbroad, and unduly burdensome.

3. The City objects to Plaintiff's definition of "Identify" to the extent it seeks private personal information.

4. The City objects to Plaintiff's definition of "Polygraph Examinations" as vague, ambiguous, overbroad, and unduly burdensome.

5. The City objects to the purported "relevant time period" as overbroad and unduly burdensome in time and scope as it includes a period of over 40 years (from 1979 to the conclusion of this litigation).

## ANSWERS TO INTERROGATORIES

1. Please identify each polygraph examination conducted by Defendants Robert Tovar, John Stout, and/or James McArdle between January 1, 1985 and December 31, 1995 in homicide and/or sexual assault investigations conducted by the Chicago Police Department. For each polygraph examination, please identify:

 a. The polygraph examiner;

 b. The date and location of the polygraph examination;

 c. The Records Division number(s) associated with the investigation;

 d. The crime(s) under investigation;

 e. The subject of the polygraph examination, including his or her date of birth;

 f. The subject's relation or suspected relation to the crime (e.g., witness, suspect, victim);

 g. The result of the polygraph examination (*e.g.*, "deception indicated," "no deception indicated," "inconclusive" or otherwise);

 h. Each person criminally charged as a result of the investigation, including

2

his or her date of birth;

    i.    The final outcome and present status of the criminal case for each person charged;

    j.    The Log Numbers or Complaint Register Numbers associated with any Chicago police misconduct complaint that relates to the underlying criminal investigation; and

    k.    Any civil lawsuit that relates to the underlying criminal investigation.

**ANSWER:** The City objects to this Interrogatory on the grounds that it is vague and ambiguous. The City further objects to this Interrogatory as overbroad and unduly burdensome in time and scope. The City also objects to the extent this Interrogatory seeks information that should remain confidential due to privacy concerns of third-party non-litigants. In addition, the City objects that all of the information sought is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The City specifically objects to relevancy of this Interrogatory to the extent it seeks information related to "sexual assault investigations" because there was no allegation of a sexual assault in Plaintiff's underlying criminal arrest and conviction.

The City states that *Monell* discovery is bifurcated pursuant to the Court's Order bifurcating and staying Plaintiff's *Monell* claim and *Monell* discovery (Dkt. No. 104). The City objects to responding to this Request as the material sought pertains to Plaintiff's *Monell* claim

| | |
|---|---|
| Dated: June 1, 2020 | **MARK A. FLESSNER**<br>**Corporation Counsel of the City of Chicago**<br><br>*/s/ Kyle L. Flynn*<br>John F. Gibbons<br>Tiffany S. Fordyce<br>Kyle L. Flynn<br>Scott Dorsett<br>Special Assistant Corporation Counsel<br>Greenberg Traurig, LLP<br>77 West Wacker Drive, Suite 3100<br>Chicago, Illinois 60601<br>(312) 456-8400 (Main)<br>(312) 456-8435 (Facsimile)<br>gibbonsj@gtlaw.com<br>fordycet@gtlaw.com<br>flynnk@gtlaw.com<br>dorsetts@gtlaw.com<br><br>Attorneys for Defendant City of Chicago |

## **CERTIFICATE OF SERVICE**

      I, Kyle Flynn, an attorney, certify that I served Defendant City of Chicago's Answers to Plaintiff's Third Set of Interrogatories via email to the parties of record below on June 1, 2020.

| | |
|---|---|
| Scott R. Drury<br>Loevy & Loevy<br>311 N. Aberdeen, 3rd Floor<br>Chicago, Illinois 60607 | Anthony E. Zecchin<br>Andrew M. Hale<br>Allyson L. West<br>Amy A. Hijjawi<br>Shawn W. Barnett |
| Craig B. Futterman<br>Edwin F. Mandel Legal Aid Clinic<br>University of Chicago Law School<br>6020 South University<br>Chicago, Illinois 60637 | Hale & Monico, LLC<br>53 W. Jackson Blvd., Suite 330<br>Chicago, Illinois 60604<br><br>Attorneys for Individual Defendants |
| Attorneys for Plaintiff | |

                                                                  */s/ Kyle L. Flynn*
                                                                 Attorney for City of Chicago