# EXHIBIT 7

| | |
|---|---|
| **From:** | FordyceT@gtlaw.com |
| **To:** | drury@loevy.com; flynnk@gtlaw.com |
| **Cc:** | roshna@loevy.com; futterman@uchicago.edu; awest@ahalelaw.com; azecchin@ahalelaw.com; gibbonsj@gtlaw.com |
| **Subject:** | RE: Batchelor v. City of Chicago - Rule 37.2 Conference |
| **Date:** | Monday, July 20, 2020 11:31:24 AM |

Dear Scott,

I'm adding counsel for the individual defendants so that we are all in the loop.

**The City's Objections to Mr. Batchelor's Third Set of Interrogatories**

Your summary below of the City's position with respect to its objections to the third set of interrogatories is partially correct. In addition to the objections that you noted below we also informed you that the interrogatory is objectionable because it is overbroad and response with would be unduly burdensome. We conferred with our clients last week after you, Kyle and I spoke, and they confirmed our understanding that responding to this request would be unduly burdensome, and disproportional to the needs of the case. As you and I discussed on the call last week, we believe that the only way to respond to your interrogatory would be to pull every homicide area file for the applicable time period, review them to determine if a polygraph exam took place, determine the identity of the polygraph examiner, and then go to a separate source to pull the requested polygraph documents. Relatedly, we think the additional subparts that you requested also are burdensome and not discoverable. Nonetheless, we are attempting to communicate with others within the City to determine if there is a less burdensome way to accomplish this, and hope to have an answer to you in the next three weeks so we can try to reach a compromise.

We also discussed the relevancy of this request. You explained that you believed that the polygraph examinations in this case were scored incorrectly, and you believed that pulling all of the requested polygraph examination results would prove a pattern and practice of Defendants Tovar, McArdle and Stout improperly scoring polygraph examinations for the purpose of falsely implicating innocent suspects in homicides. On the call you did not provide any information to support why you think Defendants Tovar, McArdle or Stout scored the polygraph examinations in this case incorrectly, or why you suspect that there is a larger pattern.

**The City's Responses to Mr. Batchelor's Second Set of Document Requests**

Response to Request No. 1

As is clear from our responses, we narrowed the time period to mirror you RFP No. 3. We maintain that this is an appropriate temporal limitation under the circumstances, and stand on our response.

Response to Request No. 2

We agree with your summary below.

Response to Request No. 3

We agree with your summary of our respective positions below. We also discussed the City's position that is not appropriate for the City to have to engage in *Monell* discovery since the *Monell* claims were bifurcated. You stated that you do not think this request implicates *Monell* because the documents would indicate how Defendants Tovar, McArdle and Stout were trained, and you suspect that their training was deficient. We responded that this request is clearly a *Monell* request and it does not reference training in any way.

Sincerely,

Tiffany Fordyce