# EXHIBIT 8

| | |
|---|---|
| **From:** | Ben Elson |
| **To:** | Scott Drury; Joey Mogul; Brad Thomson |
| **Cc:** | Julie Goodwin; Craig B. Futterman; Roshna Bala Keen; Flynn, Kyle L. (Assoc-Chi-LT); Tiffany Fordyce; Allyson West; Anthony Zecchin; gibbonsj@gtlaw.com |
| **Subject:** | Re: FW: Batchelor v. City of Chicago - Rule 37.2 Conference |
| **Date:** | Wednesday, July 22, 2020 2:26:44 PM |

Tiffany,

Scott Drury shared with me your Rule 37.2 correspondence concerning the polygraph-related written discovery in the Batchelor case (Plaintiff Batchelor's Third Set of Interrogatories to the City of Chicago and Second Set of Requests for Production of Documents). Since Plaintiff Bailey's Third Set of Interrogatories and Fourth Set of Requests for Production of Documents are nearly identical to the polygraph-related discovery issued by Batchelor, and since the City's responses are also nearly identical, I am writing on behalf of Bailey to join in the Rule 37.2 meet and confer on these issues. Set forth below are Bailey and Batchelor's responses to your email below.

With regard to Interrogatory Number 1 and Request Number 2, in an effort to address your objections and reach a compromise, Plaintiff Bailey, like Plaintiff Batchelor, is willing to remove the request for files related to sexual assaults, and, speaking on behalf of both Plaintiffs, we also agree to narrow the time period to January 1, 1985 to December 31, 1990. With regard to your burdensomeness objection, we are confident that there is a simpler and less burdensome way for the City to respond to these discovery requests than your suggestion of pulling every homicide area file for the applicable time period, reviewing them to determine if a polygraph exam took place, determining the identity of the polygraph examiner, and then going to a separate source to pull the requested polygraph documents. Specifically, we suggest that the City begin by identifying the polygraph examiners who worked for CPD between January 1, 1985 and December 31, 1990. Assuming the number of polygraph examiners is relatively small, the City should be able to review the polygraph documents from the specified time period and produce the ones that relate to McArdle, Tovar and Stout, without the process being overly burdensome. We presume that the City obtained the polygraph raw data that you previously produced in these cases, not from the Area homicide files, but from the Forensic Services Unit or some other such Unit. If so, then the search for the polygraph materials we are requesting here could be done by reviewing that Unit's files, not the Area homicide files which are presumably far more voluminous.

Regarding the relevancy objections to Interrogatory No. 1/Request No. 2, the requested information easily falls within the broad scope of discovery allowed by Fed. R. Civ. P. 26. Plaintiffs are entitled to learn, among other things, what scoring methods McArdle, Tovar and Stout used over time, whether the scoring methods used varied depending on the investigation and whether their scoring was consistent over time.

With regard to Request Number 1, Plaintiffs Bailey and Batchelor agree that the City's limitation to the period of January 1, 1985 to December 31, 1990 is too narrow. Plaintiffs are entitled to see how the City's policies and procedures with respect to polygraph exams changed over time in order to inquire whether the City knew at the time of Plaintiffs' wrongful arrests, interrogations and convictions that different policies and procedures should have been in place. This is especially true given Plaintiff Bailey's Monell claim. See Starks v. City of Waukegan, No. 09 C 348, 2013 U.S. Dist. LEXIS 156545, at *6-7 (N.D. Ill. Oct. 31, 2013). Moreover, there is no additional burden on the City to producing documents for the entire

requested time period. Nevertheless, in an effort to reach a compromise, Plaintiffs Bailey and Batchelor will agree to narrow the time period to January 1, 1989 to December 31, 2000. Plaintiffs hope that their willingness to also narrow the time period for Interrogatory No. 1/Request No. 2 will result in the City's willingness to be reasonable with respect to Request Number 1.

With regard to Request Number 3, given that Monell discovery is not bifurcated in the Bailey matter, the City should produce all documents responsive to the request. As set forth in your email, this is the only grounds on which the City refuses to produce responsive documents.

Given both judges' admonishments regarding the completion of written discovery, we ask that you please provide an answer within a week, by July 29, so we can determine if we have reached an impasse.

Thanks.

Ben

_____

Ben Elson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
Ph: (773) 235-0070 Ext. 116
Fx: (773) 235-6699
www.peopleslawoffice.com