IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COREY BATCHELOR, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:18-cv-08513 |
| ) | |
| v. ) | Judge John F. Kness |
| ) | |
| CITY OF CHICAGO, *et al.* ) | Magistrate Judge Heather K. McShain |
| ) | |
| Defendants. ) | |

**PLAINTIFF COREY BATCHELOR'S MOTION TO ENFORCE
NOTICE OF PLAINTIFF COREY BATCHELOR'S DEPOSITION**

Pursuant to the Court's authority to manage discovery, Plaintiff Corey Batchelor, by his attorneys, respectfully requests that this Court enter an order enforcing the Individual Defendant Officers' Notice of Deposition of Plaintiff Corey Batchelor and requiring them to move forward with that deposition on December 8, 2020, as noticed. In support thereof, Plaintiff states as follows:

1. On October 26, 2020, counsel for the Individual Defendant Officers served a Notice of Videotaped Depositions in which they scheduled Plaintiff Corey Batchelor's deposition for December 8, 2020 at 10:00 a.m. (the "Notice"). *See* Exhibit 1 (Notice).

2. Based on the Notice, Plaintiff's counsel and Plaintiff arranged their schedules in order to prepare for and appear at the deposition. Plaintiff is prepared to proceed with his deposition on December 8, 2020.

3. On December 3, 2020, counsel for the Individual Defendant Officers emailed Plaintiff's counsel, seeking to postpone Mr. Batchelor's deposition to January 2021, stating: "We are going to have to reschedule Mr. Batchelor's deposition. There are additional documents we want to have before deposing him and we will be revisiting some of the previously requested

1

documents this week. Please let me know Mr. Batchelor's availability in January." *See* Exhibit 2 (Email chain) at 4.

4. Plaintiff understands that depositions sometimes get rescheduled. However in this particular case, rescheduling Mr. Batchelor's deposition to January 2021 poses an undue hardship on Plaintiff and his counsel and would prejudice Plaintiff. Plaintiff is scheduled to travel to California on December 12, 2020 and is not returning to Illinois until spring 2021. Currently, his deposition will occur while he is still in Chicago and counsel can be present with him at his deposition. Because of the COVID-19 pandemic – including travel restrictions, quarantine requirements and pending stay-at-home orders – rescheduling the deposition to a date after Plaintiff has relocated would preclude Plaintiff's counsel from being present with Mr. Batchelor at his deposition.

5. The Individual Defendant Officers do not have good cause to reschedule Mr. Batchelor's deposition. According to their counsel, they seek additional time in order to obtain Mr. Batchelor's Illinois Department of Corrections ("IDOC") file, Mr. Batchelor's IDOC phone calls and updates to unspecified interrogatory answers. *See* Exhibit 3 (email chain) at 3. However, Plaintiff produced his IDOC file on September 13, 2019. *See id.* Moreover, Plaintiff served his interrogatory answers in August 2019. *See id.* Since that time, Defendants have not sought to meet and confer regarding those answers. *See id.* With respect to the IDOC phone calls, Plaintiff does not believe that they are discoverable, as courts in this district have routinely quashed subpoenas for those calls. Nevertheless, in May 2020, the parties met and conferred on an overbroad subpoena Defendants issued to IDOC. *See id.* At that time, Defendants agreed to withdraw the subpoena and to issue a more narrowly-tailored one. *See id.* To date, they have failed to do so. *See id.*

6. In Defendants' recent motion to extend fact discovery (Dkt. 164), Defendants did not cite the need to obtain additional information regarding Plaintiff as a basis for the requested extension. *See id.*

7. During a Rule 37.2 conference regarding Mr. Batchelor's upcoming deposition, counsel for the Individual Defendant Officers stated that he would be willing to take Mr. Batchelor's deposition within a week or two of the currently-scheduled date. *See* Ex. 3 at 3. Continuing the deposition by a week or two would not alleviate the above-described hardship on, and prejudice to, Plaintiff because his departure date is December 12, 2020, nor does this proposal square with the cited need to obtain additional documents before the deposition.

8. In an effort to compromise, Plaintiff's counsel proposed that Mr. Batchelor's deposition proceed on December 8, 2020 and agreed to reproduce Mr. Batchelor for the limited purpose of answering questions about his IDOC phone calls, in the event Defendants are able to obtain those calls. *See id.* Defense counsel rejected the proposal and sought to have a more open-ended second deposition after they had the chance to pursue discovery they failed to pursue at an earlier date. *See id.* at 2. Presenting Plaintiff for two separate depositions is rarely done and unfairly burdens Plaintiff where, as here, there is no reason why Defendants could not have taken a complete deposition on December 8, 2020 as they had originally scheduled. In addition, anything more than a very limited second deposition would require Plaintiff's counsel's presence in person, which as stated above would not be possible while Plaintiff is in California.

WHEREFORE, Plaintiff Corey Batchelor respectfully requests that the Court issue an Order enforcing the Notice of Deposition regarding Plaintiff and requiring the Individual Defendant Officers to move forward with the deposition on December 8, 2020.

Dated: December 4, 2020

                                                      Respectfully submitted,

                                                     /s/ Scott R. Drury
                                                   One of the attorneys for Plaintiff

| | |
|---|---|
| Jon Loevy (jon@loevy.com) | Craig B. Futterman |
| Roshna Bala Keen (roshna@loevy.com) | (Futterman@uchicago.edu) |
| Scott R. Drury (drury@loevy.com) | MANDEL LEGAL AID CLINIC |
| Julie Goodwin (julie@loevy.com) | University of Chicago Law School |
| LOEVY & LOEVY | 6020 S. University |
| 311 North Aberdeen, 3rd Floor | Chicago, Illinois 60637 |
| Chicago, Illinois 60607 | 773.702.9611 |
| 312.243.5900 | |

## CERTIFICATE OF SERVICE

  I, Scott R. Drury, an attorney, certify that on December 4, 2020, I caused the foregoing document to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

              /s/ Scott R. Drury
              One of the attorneys for Plaintiff