IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COREY BATCHELOR,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, *et al.*,<br><br>      Defendants. | No. 18-cv-08513<br><br>Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

This civil action relates to alleged constitutional violations committed during the course of a state murder investigation and prosecution. Plaintiff Corey Batchelor, along with Kevin Bailey, was convicted of murder in 1980. But Plaintiff's and Bailey's convictions were vacated in 2018 after the State of Illinois agreed to dismiss the charges against both individuals. Plaintiff then brought this civil rights action under 42 U.S.C. § 1983 and state law for Constitutional and other violations allegedly committed by the officers who arrested and interrogated him. Plaintiff has sued the individuals who acted under color of state law, as well as the City of Chicago under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) for having implemented a policy and practice that deprived Plaintiff of the rights secured to him by the Constitution and laws of the United States.

On January 31, 2020, on Defendant City of Chicago's motion,[1] the Court bifurcated Plaintiff's *Monell* claims from those against the individual officers. (Dkt.

---

[1] References in this opinion to "Defendant" relate to the City of Chicago only.

104.) At the time, the Court explained that bifurcation would "promote judicial economy," because Defendant's liability would depend upon a threshold finding that the officers were liable under Section 1983. (*Id*. at 14-18.) After that decision, however, Judge Tharp denied a similar bifurcation motion in a parallel case brought by Bailey (Plaintiff's co-defendant in the state criminal prosecution). *Bailey v. City of Chicago*, No. 19-cv-00197 (N.D. Ill. Jan. 10, 2019). Based upon that decision, Plaintiff brings the present motion to reconsider this Court's previous order granting bifurcation. (Dkt. 104.)

As explained below, because Defendant will be required to produce substantially similar *Monell* discovery in *Bailey* as it will here, bifurcated discovery is no longer imperative. And because bifurcation is both no longer necessary and constitutes a deviation from the norm, it should no longer be required. Put another way, the landscape of this case has changed in view of the developments in *Bailey*. As a result, reconsideration of the decision to bifurcate is appropriate, and discovery will proceed without bifurcation. This decision is without prejudice to any later motion to bifurcate the trial of this action.

I. **BACKGROUND**

Plaintiff was arrested in 1989 and charged with the murder of a Chicago police officer's spouse. (Dkt. 122 at ¶ 45.) According to Plaintiff, the officers involved in the arrests employed a number of coercive tactics to extract a confession from Plaintiff; these techniques included sleep deprivation, falsely claiming to have evidence of his involvement in the crime, a fake polygraph test, threats, yelling, and beatings. (*Id*. at ¶¶ 46-61; 71-81.) Similar tactics were used against Plaintiff's friend, Kevin

Bailey, to achieve a corresponding confession. (*Id.* at ¶¶ 62-70.) Plaintiff and Bailey were convicted in 1991 primarily based on their coerced confessions. (*Id.* at 82-86.) In 2018, Plaintiff worked to obtain forensic testing to prove his innocence, and, eventually, the State of Illinois dismissed the charges against Plaintiff and Bailey. (*Id.* at ¶¶ 87-92.)

Plaintiff brought this suit for damages alleging violations of 42 U.S.C. § 1983 in the course of the investigation and prosecution. Defendant moved to dismiss the case and, in the alternative, to bifurcate Plaintiff's *Monell* claims from his claims against the individual officers. (Dkt. 68, 69.) Judge Bucklo, to whom this case was then assigned, denied Defendant's motion to dismiss but granted the motion to bifurcate. (Dkt. 104.) As the Court explained then, judicial efficiency would be promoted if the individual officers' claims went forward before the claims against Defendant. (*Id.* at 15.)

Separately, in the parallel *Bailey* case, Defendant also moved to dismiss or bifurcate. (*Bailey*, Dkt. 61.) But in *Bailey*, Judge Tharp denied the motion in its entirety. Judge Tharp gave "significant consideration" to the decision in this case to bifurcate discovery, but Judge Tharp ultimately determined it would be more efficient to conduct discovery on all claims at the same time. (*Bailey,* Dkt. 87.)

In view of Judge Tharp's decision in *Bailey*, Plaintiff now asks the Court to reconsider its earlier decision to bifurcate. Plaintiff argues that the discovery in both cases will be nearly identical and that judicial efficiency will be promoted by conducting discovery for the claims all at once. (Dkt. 118, at 2.) Defendant opposes the motion and contends that Plaintiff has not met the requisite standard to warrant

3

reconsideration—and that, even if he did, bifurcation would still promote judicial economy. (Dkt. 128.)

## II. LEGAL STANDARD

Motions for reconsideration are limited in their function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (1996) (citing *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). A further basis for a motion for reconsideration is a controlling or significant change in the law or facts after the submission of the issues to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) *(citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Problems such as these are rare; as a result, motions to reconsider should be equally rare. *Bank of Waunakee*, 906 F.2d at 1191.

Rule 42(b) of the Federal Rules of Civil Procedure provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b); *see also Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007). Rule 26(d) also allows the Court to bifurcate and stay discovery on certain claims or issues. Fed. R. Civ. P. 26(d). When determining whether to bifurcate discovery and trial, the Court "must balance considerations of convenience, economy, expedition, and prejudice, depending on the peculiar facts and circumstances of each case." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008). Bifurcation is the exception, not the rule, and separate trials should not be ordered

"unless such a disposition is clearly necessary." *Real v. Bunn-O-Matic*, 195 F.R.D. 618, 620 (N.D. Ill. 2000). Whether to bifurcate is a decision committed to the district court's sound discretion and is made on a case-by-case basis. *See Volkman v. Ryker*, 736 F.3d. 1084, 1088-89 (7th Cir. 2013); *Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir. 2000); *see also DeVine v. XPO Logistics Freight*, 446 F. Supp. 3d 332, 333 (N.D. Ill. 2020) (district courts have wide discretion in managing civil discovery).

### III. ANALYSIS

In asking the Court to reconsider its earlier bifurcation order, Plaintiff argues that two changed circumstances justify reconsideration: *first*, Judge Tharp's decision to deny bifurcation in *Bailey*; and *second*, the new allegations in Plaintiff's amended pleading (which Plaintiff contends were not part of the earlier bifurcation order).

Defendant opposes reconsideration and provides several reasons why bifurcation remains preferable. Defendant first argues that Plaintiff has failed to "set forth the requisite criteria to satisfy reconsideration." (Dkt. 128 at 2). Defendant also contends that Judge Tharp's decision should not control how this Court manages its docket. (*Id.* at 10). Finally, Defendant provides several reasons that bifurcation would be more efficient, including that the *Monell* discovery in this case and *Bailey* will not be identical; disputes will arise concerning the burden of *Monell* discovery requests; any trial will be unduly expanded by evidence related to the *Monell* claims; and, contrary to Plaintiff's contention, because bifurcation has not yet created disputes about what does and does not constitute *Monell* discovery, Plaintiff's assertions that the Court "will spend the same amount of time resolving disputes over the proper

5

scope of discovery as it would" adjudicating the *Monell* claims are "overblown." (*Id.* at 11-13)

As to the gateway issue of whether the criteria for reconsideration are satisfied, the Court agrees with Plaintiff that the factual and procedural landscape has changed significantly since the Court ordered bifurcation. Of signal importance is Judge Tharp's decision to deny bifurcation in the closely-related *Bailey* case. That fact, by itself, would likely be sufficient to justify asking the Court to revisit bifurcation. Moreover, the Court is not persuaded that Plaintiff's amended pleadings were considered in connection with the Court's earlier finding that Defendant's liability would depend entirely on a predicate finding of liability as to the individual Defendants. Although the order specifically referred to the amended complaints, that was in connection with the Court's analysis of the motion to dismiss, not the motion to bifurcate. And Plaintiff correctly points out that he has provided beefed-up allegations in support of the independent *Monell* claims.[2] Bottom line: the Court is satisfied that circumstances have changed sufficiently that the request for reconsideration does not constitute an unwarranted "rehashing [of] previously rejected arguments. . . ." *Caisse Nationale*, 90 F.3d at 1270.

---

[2] The Court earlier found that the contingent relationship between the individual and *Monell* claims (*i.e.*, if no finding of liability on officers, then no finding of liability on Defendant) created a "liability gap." (Dkt. 104 at 15). But Plaintiff's operative Third Amended Complaint added allegations about a "separate gang file" containing undisclosed exculpatory material, as well as undisclosed exculpatory polygraph material. Although Defendant contends otherwise, the Court agrees with Plaintiff that a jury could find Defendant liable based on its alleged failure to disclose these materials even if that same jury found no liability against the individual Defendants. *See, e.g., Gomez v. Guevara*, No. 18-cv-03335, Dkt. 65 at 6 (N.D. Ill. Apr. 8, 2019) ("[C]ourts in this district have recognized that . . . the City may be liable for *Monell* claims without a finding that individual officers engaged in misconduct").

Turning to the merits,[3] bifurcation is generally warranted if it will promote judicial efficiency. *Houskins*, 549 F.3d at 495. Although Defendant may be correct that Plaintiff overstates the efficiency gains from ending bifurcation, the Court, in balancing the convenience, economy, and expediency of concurrent discovery against the potential prejudice to Defendant, finds that the scale tips against bifurcation. It is beyond dispute (and Defendant does not strenuously argue otherwise (*see, e.g.*, Dkt. 128 at 11)) that there will be significant overlap in discovery between this case and *Bailey*. In *Bailey*, Defendant will gather (and may have already gathered) relevant evidence related to Bailey's claims. In view of the intertwined nature of the investigation and prosecution of both Bailey and Plaintiff, that discovery material will be, if not identical, then at least closely related to this case. Judicial economy will be enhanced as well by the fact that discovery in both *Bailey* and this case will take place at roughly the same time and at the same pace.

As for potential prejudice, the Court accepts Defendant's contention that there will not be complete overlap between the *Monell* discovery in *Bailey* and here. But the lack of perfect symmetry does not equate to undue prejudice. It bears emphasis that, whichever way the Court were to rule on this motion, Defendant will be required to conduct *Monell* discovery in *Bailey*. Given the close relationship between these cases, it is unlikely that any prejudice to Defendant will outweigh the benefits of permitting *Monell* discovery to proceed. In any event, and as Judge Tharp cautioned

---

[3] With alacrity, the Court accepts Defendant's reminder that the Court "can and should assess its own docket to determine what would be most efficient for this Court[.]" (Dkt. 128 at 10.) It is with that principle in mind that the Court resolves this motion.

in *Bailey*, permitting *Monell* discovery to proceed here is not meant to "open the flood gates" to Plaintiff's benefit and Defendant's detriment. Plaintiff is cautioned that the Court, through the supervision of discovery by the Magistrate Judge, will undoubtedly be sensitive to the need to ensure that *Monell* discovery remains reasonable, proportionate, and not unduly burdensome to Defendant.

Finally, the Court is mindful of the potential prejudice to Defendant should this case proceed to a joint trial on both the individual and *Monell* claims. Accordingly, as did Judge Tharp in *Bailey*, the Court notes that its decision today is without prejudice to any later motion to bifurcate the trial of this action.

### IV. CONCLUSION

For the reasons set forth, Plaintiff's motion for reconsideration is granted.

SO ORDERED.

Date: March 4, 2021

_____
JOHN F. KNESS
United States District Judge

8