**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **COREY BATCHELOR,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF CHICAGO;** SEAN RICE as special representative for the estate of **ROBERT RICE**, deceased; **MICHAEL BOSCO;** MARY NITSCHE as special representative dor the estate of **LAWRENCE NITSCHE,** deceased; **VICTORIA KEOUGH** as special representative for the estate of **THOMAS KEOUGH; DANIEL McWEENY; FNU McGOVERN; JAMES McARDLE; ROBERT TOVAR; GEORGE WINISTORFER; ROBERT FLOOD; JOHN STOUT;** and as-yet **UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT,**<br><br>Defendants. | **No. 18-cv-08513**<br><br>**The Honorable John F. Kness**<br>**Magistrate Judge Heather K. McShain** |

# JOINT STATUS REPORT BEFORE JUDGE McSHAIN

Pursuant to the Court's Order [Dkt. 185], the Parties hereby submit the following Joint Status Report:

## 1. Status of Review and Production of Polygraph Documents.

As previously reported, the City of Chicago (the "City") engaged a vendor to digitize 525 microfilm rolls containing potentially responsive polygraph documents. The parties negotiated a list of search terms to run on all the digitized images. After the vendor ran the searches and identified possibly responsive documents, the City reviewed the documents and produced all responsive documents to Plaintiff on February 1, 2021. The produced documents included polygraph questionnaires, polygraphers' notes, and related polygraph documents, but the microfilm rolls did not contain, as the City expected, polygraph charts, which chart the examinee's bodily reactions during the examination.

The City continued its search for the polygraph charts and determined that there were 31 boxes identified by CPD as containing polygraph charts that relate to polygraphs administered during the years 1985 through 1990 and, further, that these boxes were stored at a CPD warehouse. Counsel for the City visited said warehouse and located 19 boxes containing polygraph charts for the relevant years, after reviewing 31 boxes. On February 11, 2021, the City provided the records to a vendor to process for production. The City produced all responsive documents contained

within these 19 boxes to Plaintiff on March 9, 2021. The City undertook significant efforts to locate 12 other boxes that may contain responsive polygraph charts, including, but not limited to, having a vendor review 15 chemical spectra boxes to determine if any responsive documents had been misfiled. No responsive documents were identified in this additional search.

This past Friday, May 14, 2021, the City produced 75,540 pages of responsive documents. This is the City's largest production to date with respect to the Court-ordered polygraph files. This production consists of polygraph charts and polygraph reports, as well as the corresponding Area Files and Permanent Retention Files gathered from more than 400 homicide investigations. Prior to the May 14th production, the City's polygraph-related productions totaled approximately 7,000 pages. By comparison, the recent production is ten times larger and significantly more substantial. As of May 14, 2021, the City has completed its production of the documents ordered to be produced by the Court's Order granting Plaintiff's motion to compel.

Plaintiff's counsel have been diligently reviewing the polygraph files on a rolling basis as expeditiously as possible. Given the sheer volume of last week's production exceeding 75,000 pages, however, Plaintiff cannot complete his review of these files, nor make meaningful use of them at the polygraph examiner Defendants' forthcoming depositions, within the three weeks remaining for fact discovery. As the parties' prior joint status reports noted, Plaintiff intended to depose the polygraph examiner Defendants after receiving the City's outstanding production. Anticipating the final production to be on May 14, Plaintiff contacted counsel for the Defendants on April 30 to request dates for these outstanding depositions, but no dates have been offered yet. Given the unexpectedly large size of last week's production, however, Plaintiff will require an additional sixty days of fact discovery to review the production, conduct any necessary follow-up discovery, and depose the polygraph examiner Defendants. Plaintiff's counsel has committed additional attorneys to this review and is working as expeditiously as possible.

In order to allow sufficient time for the completion of these matters, the parties respectfully ask that the schedule be amended by 60 days, as follows: fact discovery closes on August 14, 2021; Plaintiff's expert disclosures due on September 14, 2021; Defendants' expert disclosures due on October 14, 2021.

## 2. Status of Oral Discovery.

The deposition of the remaining non-polygraph Defendant, Defendant McWeeny, has been scheduled for June 10, 2021. The parties will confer regarding the scheduling of the remaining three polygraph Defendant depositions, as well as any remaining third-party depositions.

## 3. Status of *Monell* Discovery.

Plaintiff previously tendered documents to the Defendants in support of his *Monell* claims stemming from the pattern and practice of torture and coerced confessions within the Chicago Police Department. Plaintiff will produce any additional documents relating to his *Monell* claims that are responsive to discovery and/or as part of his Rule 26(a)(1) disclosures before close of fact discovery. The City's recent production of the polygraph-related documents discussed in Section 1, above, relates to both Plaintiff's claims of individual liability and to his *Monell* claims. Plaintiff will require a Rule 30(b)(6) deposition of the City of Chicago relating to *Monell* claims and the

polygraph documents recently produced and will confer with the City regarding the scope of this deposition, as required by the Federal Rules of Civil Procedure.

**4. Settlement.**

Plaintiff made a settlement demand to the City of Chicago on August 20, 2020. The demand was for a global settlement that would resolve this matter and a companion case filed by Kevin Bailey pending before Judge Tharp. The City issued a counter-offer to the settlement demand on March 18, 2021. Counsel for Plaintiff and for the City have been conferring regarding the possibility of settlement.

Dated: May 20, 2021

Respectfully submitted,

**CITY OF CHICAGO**

Celia Meza
Acting Corporation Counsel of the City of Chicago

*/s/ Kyle L. Flynn*
John F. Gibbons
Tiffany S. Fordyce
Kyle L. Flynn
Scott Dorsett
Special Assistant Corporation Counsel
Greenberg Traurig, LLP
77 W. Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400

**Plaintiff Corey Batchelor**

*/s/ Roshna Bala Keen*
Jon Loevy
Roshna Bala Keen
Julie Thompson
Scott R. Drury
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

Craig B. Futterman
Edwin F. Mandel Legal Aid Clinic
University of Chicago Law School
6020 South University
Chicago, Illinois 60637
(773) 702-9611

**Defendant Officers**

*/s/ Allyson L. West*
Anthony E. Zecchin
Allyson L. West
Amy A. Hijjawi
Special Assistant Corporation Counsel
Hale & Monico, LLC
53 W. Jackson Blvd., Suite 337
Chicago, Illinois 60604
(312) 870-6933

**CERTIFICATE OF SERVICE**

I, Roshna Bala Keen, an attorney, certify that I electronically filed the attached Joint Status Report before Judge McShain with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record on this 20th day of May, 2021.

*/s/ Roshna Bala Keen*____________
Attorney for Plaintiff